## DAVID C. OAKS v. SAMUEL OAKS.

### Practice. Contract for service of minor.

Every proper intendment will be made in favor of the correctness of a judgment of the county court.

In this case, the plaintiff, when a minor, was given to the defendant; but when he was seventeen years old he became dissatisfied and left, and returned to his father's. The defendant then proposed to pay him when he was twenty-one years old, either one hundred dollars or such sum as three men should award. The proposition was not then accepted, but a few weeks after, the plaintiff returned and remained with the defendant until he was twenty one, when his father gave him his claim against the defendant, and soon thereafter the plaintiff commenced the present suit. The county court having rendered judgment for the plaintiff, upon the report of an auditor finding the facts as above set forth, their judgment is affirmed; this court inferring, that the county court found that the contract was made with the plaintiff, and that the defendant's proposition was accepted by the plaintiff and acted upon by both parties at and after the time of the plaintiff's return.

The gift to the plaintiff, by his father, of his interest in the claim, prevented any question thereafter as to the plaintiff's right to sue in his own name.

BOOK ACCOUNT. The following facts were reported by the auditor. The plaintiff, when a child four or five years of age, was given by his parents to the defendant, to be by him well treated and taken care of until he should arrive at the age of twenty-one. Under said agreement, the plaintiff remained with the defendant until he was seventeen years old, the defendant having, during this time, procured the plaintiff's name altered from Tolles to Oaks. The plaintiff when he was seventeen years old left the defendant and returned to his father's. The next day after he left, he was applied to by the defendant, to return, which he declined doing; the plaintiff's father also declined permitting him to return without some new agreement, and the defendant thereupon proposed to pay the plaintiff the sum of one hundred dollars when he should arrive at the age of twenty-one, in case he would return and conduct himself properly until that time, or he would pay him such sum as any three men in the town of Athens, to be selected by the plaintiff, should say he reasonably deserved to have; and it was to be at the plaintiff's option when he arrived at the age of twenty-one, to receive the one hundred dollars, or the sum awarded him by the tribunal aforesaid. Neither of these propositions were accepted at the time, but in about four weeks after the proposition was made, the plaintiff returned to the defendant and remained with him until he was twenty one years of age.

After the plaintiff arrived at the age of twenty-one, his father gave him his claim against the defendant for his services while a minor, of which the defendant had notice. No notice was ever given that the sum of one hundred dollars would not be satisfactory, nor did plaintiff ever select or propose to select a board of referees, to whom the matter should be referred.

The auditor found the value of the plaintiff's services for the defendant, from the time he was seventeen years old till he was twenty-one, to be one hundred dollars, and allowed the same at that sum, with interest, subject to the opinion of the court upon the facts as above stated.

The county court, September Term, 1853,—COLLAMER, J., presiding,—rendered judgment for the plaintiff upon the report of the auditor, to which the defendant, excepted.

*D. & G. B. Kellogg,* for the defendant.

*A. Stoddard,* for the plaintiff.

The opinion of the court was delivered, at the circuit session in September, by

BENNETT, J. We do not see any good reason why the judgment of the county court should not be affirmed.

The defendant proposed to the plaintiff, when he was seventeen years of age, that if he would return and live with him until he was twenty-one years of age, he, the defendant, would give him one hundred dollars, or such sum as three men, selected by him, should say he ought to have, at his election when he became of age, The case does not show that the plaintiff accepted of either proposition at the time, although in about four weeks after he did return to the defendants and remained with him until he was twenty-one years age. The inference might have been drawn by the county court that the proposition of the defendant was then accepted and acted upon by both parties. All proper intendments will be made in favor of the correctness of the judgment below.

When the plaintiff became twenty-one years of age, his father gave him this claim against the defendant. After this no question

can arise as to the plaintiff's right to sue in his own name. We are to infer that the county court found the contract was made with the son; and his claim of the one hundred dollars is in itself an election as to which mode of compensation he would take.

Judgment affirmed.